[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12476
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-21113-JAL



WESTCHESTER GENERAL HOSPITAL, INC.,

                                                      Plaintiff-Appellant,

versus

DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Centers for Medicare and Medicaid Services,

                                                      Defendant-Appellee,

DEBBIE PAUL,

                                                      Defendant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 14, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Westchester General Hospital, Inc. ("Westchester") appeals the district court's grant of summary judgment to Defendant-Appellee Department of Health and Human Services ("DHHS"). Westchester claims DHHS's denial of Westchester's request for permission to depose a DHHS employee was arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). After review of the briefs and the record, we affirm the district court's order granting summary judgment to DHHS.

## I.  BACKGROUND

This case arises from a state court breach-of-contract action brought by Defendant Westchester, to which the federal government and DHHS are not participants. The state court action relates to an agreement between Westchester and Nova Southeastern University ("Nova"). Pursuant to that agreement, Westchester used its Medicare provider status to seek reimbursement from Medicare for the costs of Nova's dental residency program. When Medicare rejected certain reimbursement requests by Westchester, the Westchester-Nova agreement deteriorated, leading to the state court lawsuit.

Medicare based its reimbursement rejections in part on audits conducted by

2

Debbie Paul, an audit branch manager for DHHS's intermediary, First Coast Service Options, Inc. Because of Paul's role in the reimbursement requests, Westchester sought to depose Paul in the state court action. To that end, Westchester sent DHHS a letter requesting permission to take Paul's deposition.

DHHS requires that any request for deposition testimony follow the procedures set forth in its regulations.[1] 45 C.F.R. §§ 2.1, 2.4. More particularly, the request "must state the nature of the requested testimony, why the information sought is unavailable by any other means, and the reasons why the testimony would be in the interest of the DHHS or the federal government." Id. § 2.4(a). "The availability of Department employees to testify in litigation not involving federal parties is governed by the Department's policy to maintain strict impartiality with respect to private litigants and to minimize the disruption of official duties." Id. § 2.1(b). The regulations further provide that a DHHS employee may only provide testimony "concerning information acquired in the course of performing official duties" if it is "authorized by the Agency head . . . based on a determination by the Agency head, after consultation with the

---

[1]Pursuant to the federal "housekeeping statute," 5 U.S.C. § 301, executive agencies may promulgate regulations concerning testimony by agency employees. See United States ex rel. Touhy v. Ragen, 340 U.S. 462, 469-70, 71 S. Ct. 416, 420 (1951); Moore v. Armour Pharm. Co., 927 F.2d 1194, 1196-97 (11th Cir. 1991). Regulations promulgated pursuant to that statute are referred to as an agency's "Touhy" regulations. See, e.g., Hasie v. Office of the Comptroller of the Currency of the United States, 633 F.3d 361, 364 (5th Cir. 2011).

Office of the General Counsel, that compliance with the request would promote the objectives of the Department." Id. § 2.3.

In accordance with DHHS's regulations, Westchester's deposition request first set forth "the nature of the requested testimony." Its request focused on several audits Paul performed of Westchester's Medicare reimbursement requests for Nova. Westchester's letter stated it expected testimony regarding the following:

> [Paul's] analysis and conclusions with respect to the Dental Program in connection with the audits of fiscal years 2001 through 2005; the sufficiency of the documentation provided in support of the Dental Program; communications between Ms. Paul and Westchester regarding the Dental Program; and communications between Ms. Paul and Nova regarding the Dental Program.

Next, Westchester's letter claimed the information was unavailable by any other means. The letter elaborated:

> First Coast has sole access to the requested testimony, records, and information that resulted in the disallowance of substantial costs in Westchester's costs [sic] reports relating to the dental residency program. Specifically, Ms. Paul oversaw the relevant audits and was in direct contact with Westchester during the course of each audit. Ms. Paul's review and analysis of the dental program, including her finding of the insufficiency of the documents provided in support of the program, was made directly to Westchester. She was an integral part of the audits of Westchester's cost reports, and her analysis and conclusions with respect to the dental program and [sic] are important elements to the resolution of this lawsuit.

Westchester's letter concluded that "[a]s discussed above, the testimony is in the interest of DHHS and the Federal Government because it involves the proper administration of the Medicare Program." No other reasons were provided.

In a letter dated January 28, 2010, DHHS denied Westchester's deposition request. After reiterating Westchester's requested categories of testimony, DHHS stated that in accordance with 45 C.F.R. § 2.4, it "disagree[d] that the information sought is unavailable by any other means." DHHS's letter pointed out that "[t]he parties to this case, themselves, are best able to testify with respect to any direct communications they may have had with Ms. Paul." The DHHS letter advised that its "decision to decline the requested testimony is in keeping with the Department's policy to maintain impartiality with respect to private litigants and to minimize the disruption of official duties in accordance with 45 C.F.R.[ ]2.1." DHHS then directed Westchester to inform DHHS of any further questions.

Subsequently, Westchester filed a lawsuit in the district court, seeking an order (1) setting aside DHHS's decision as arbitrary and capricious under the Administrative Procedure Act, and (2) ordering Paul to appear for a deposition. DHHS then filed a motion for summary judgment, which was followed by

Westchester's own summary judgment motion. A magistrate judge held a hearing on the parties' motions and recommended that the district court grant DHHS's motion and deny Westchester's. After consideration of the magistrate judge's report and the administrative record, the district court adopted the report and granted DHHS's motion, finding that DHHS's denial of Westchester's deposition request was not arbitrary or capricious. This appeal followed.

## II.  DISCUSSION

The Administrative Procedure Act ("APA") § 702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Here, DHHS's denial of Plaintiff's deposition request is agency action subject to judicial review under APA § 706(2)(A).

In reviewing an agency action pursuant to valid agency regulations, we review de novo the district court's grant of summary judgment and apply the same standard of review used by the district court. 5 U.S.C. § 702; Miccosukee Tribe of Indians of Florida v. United States, 566 F.3d 1257, 1264 (11th Cir. 2009). That is, "[t]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A);

6

Miccosukee Tribe, 566 F.3d at 1264.  This "exceedingly deferential" standard examines "whether the [agency] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996).

In this case, we cannot say DHHS's decision was arbitrary or capricious. DHHS, in rejecting Westchester's request, stated that it "disagree[d] that the information is unavailable by any other means."  DHHS explicitly noted that Westchester and Nova "are best able" to provide the information concerning their communications with Paul.  When read alongside Westchester's letter, DHHS's statements demonstrate it considered the relevant factors, as presented in Westchester's letter, and arrived at a rational conclusion that the information was available from other sources.

An examination of Westchester's letter readily shows this, for Westchester's own description of the requested testimony defeats its claim of unavailability.  As to the first request for Paul's "analysis and conclusions" regarding the Westchester audits, Westchester's letter stated: "Ms. Paul oversaw the relevant audits and was in direct contact with Westchester during the course of each audit."  As to the second request for Paul's testimony regarding "the sufficiency of documentation

7

provided in support of the dental program," Westchester's letter stated: "Ms. Paul's review and analysis of the dental program, <u>including her finding of the insufficiency of the documents provided in support of the program</u>, was <u>made directly to Westchester</u>." As to the third and fourth requests for "communications between Paul" and Westchester and Nova, Westchester would itself have knowledge of what it communicated to Paul, and could depose Nova employees to similar end. While Westchester might prefer to depose Paul, DHHS's regulations make no exceptions for party preferences. The regulations inquire only whether the information is otherwise unavailable. Westchester's letter on its face did not meet its burden under DHHS's valid <u>Touhy</u> regulations. <u>See</u> <u>Touhy</u>, 340 U.S. at 469-70; <u>Moore</u>, 927 F.2d at 1197.

Accordingly, we agree with the magistrate judge and the district court that DHHS's denial of Westchester's deposition request was not arbitrary or capricious under APA § 702. DHHS adequately considered the relevant factors and its decision contained no clear error of judgment. <u>See</u> <u>Fund for Animals</u>, 85 F.3d at 541. The district court's grant of summary judgment in favor of DHHS is affirmed.

**AFFIRMED.**